UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BASS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS FERRARA, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1938 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants failed to provide him with adequate dental treatment in violation of the Eighth Amendment. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 7) and complaint for screening (ECF No. 1).

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations in the Complaint

The allegations giving rise to plaintiff's claims occurred while plaintiff was housed at the Solano County Jail. (ECF No. 1 at 1.) Plaintiff names as defendants: (1) under sheriff Thomas Ferrara; (2) dentist Dr. Lew; (3) physician Dr. Jim; and (4) medical assistant Choera.

Plaintiff claims that in late July 2017 he began experiencing pain in two of his teeth. (Id. at 3.) He submitted medical requests and was examined by Dr. Jim on August 2, 2017. Dr. Jim observed that plaintiff had an abscessed and infected tooth. Dr. Jim prescribed pain medication

3

and put plaintiff on the waiting list to be seen by a dentist. Plaintiff was seen by the dentist, Dr. Lew, on August 19, 2017. He claims one tooth needed to be extracted and one tooth required a filling. He claims Dr. Lew stated, "we only extract teeth here." He alleged that thereafter, he was not treated for his dental needs for over thirty days. Plaintiff stated he believes that because of the delay the tooth that previously needed a filling must now be extracted.

Plaintiff also states that under sheriff Thomas Ferrara was aware of the backlog of dental requests and has not taken action to alleviate the problem. (Id. at 4.) Plaintiff claims Medical Assistant Choera is liable because she was aware of his need for dental treatment because she responded to his grievance.

**III. Does Plaintiff State a Claim under 42 U.S.C. § 1983?**

**A. Legal Standards under the Eighth Amendment**

The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825 (1994). A "system of ready access to adequate dental care" is required by the Eighth Amendment, and deliberate indifference to dental needs is proscribed. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). "In order to state a cognizable [Eighth Amendment denial of medical care] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200-01 (9th Cir. 1989)).

////

Deliberate indifference may be found when prison officials deny, delay, or intentionally interfere with medical treatment, or through the manner in which treatment is provided. See Estelle, 429 U.S. at 104-05. However, "mere delay . . . , without more, is insufficient to state a claim of deliberate medical indifference," the delay must also be harmful. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).

### B. Analysis

#### 1. Dr. Lew

Taking the allegations in the complaint as true, plaintiff has stated a potentially cognizable claim for deliberate indifference in violation of his Eighth Amendment rights. Plaintiff has claimed Dr. Lew was aware plaintiff required treatment, plaintiff's treatment was delayed, and that caused plaintiff to remain in pain. McGuckin, 974 F.2d at 1060.

#### 2. Dr. Jim

The facts stated in the complaint indicate Dr. Jim referred plaintiff for dental care and prescribed medication to help treat plaintiff's pain. Accordingly, plaintiff has failed to allege sufficient facts showing that Dr. Jim acted with deliberate indifference to his dental needs. See Jett v. Penner, 439 F.3d 1091, 1096 (Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need.") (citing McGuckin, 974 F.2d at 1060).

#### 3. Under Sheriff Ferrara

"A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's conclusory

////

allegation that Ferrara was aware of delays in inmates receiving dental treatment is not sufficient to show that he violated plaintiff's rights.

### 4. Medical Assistant Choera

Defendant Choera's actions in responding to plaintiff's grievance, alone, cannot give rise to any claims for relief under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable claim based on his allegations that defendant Choera did not provide plaintiff with any relief through the grievance process.

### FILING AN AMENDED COMPLAINT

As set out above, plaintiff fails to state cognizable claims against defendants Dr. Jim, Sheriff Ferrara, and medical assistant Choera. However, plaintiff will be given an opportunity to amend the complaint as to those defendants.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 7) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has stated a potentially cognizable Eighth Amendment claim against Dr. Lew.

7

4. Plaintiff's claims against Dr. Jim, Sheriff Ferrara, and Choera are dismissed with leave to amend for failure to state a claim.
5. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Dr. Lew as set forth in Section II above, or to amend the complaint.
6. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.
7. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 13, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/bass1938.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BASS,<br><br>        Plaintiff,<br><br>   v.<br><br>THOMAS FERRARA, et al.,<br><br>        Defendants. | No. 2:17-cv-1938 DB P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Dr. Lew without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his claims against defendants Dr. Jim, Sheriff Ferrara, and Choera without prejudice.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                              Eric Bass
                                              Plaintiff pro se